UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                                             <u>DECISION AND ORDER</u>

                                                                                  06-CR-6134L

                      v.

TERRELL JOHNSON,

                              Defendant.
_____

      The Court previously referred all pretrial motions in this case to United States Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. § 636(b).

      On June 16, 2006, officers of the Rochester Police Department executed a search warrant that had been issued by Monroe County Court Judge Frank P. Geraci, Jr., for 271 Champlain Street, downstairs apartment, in the City of Rochester. During execution of the warrant, defendant Terrell Johnson was arrested. He was transported to the Monroe County Public Safety Building where he was interrogated and made several statements.

      Defendant moved to suppress the statements he made and also to suppress physical evidence seized from 271 Champlain Street during execution of the warrant.

Magistrate Judge Payson conducted a suppression hearing at which Officer David Simpson testified. Defendant offered no proof. The transcript of that suppression hearing has been prepared and made available for this Court.

Subsequent to the suppression hearing, Magistrate Judge Payson issued a Report and Recommendation (Dkt. #27) and it is her recommendation that both the motion to suppress tangible evidence and the motion to suppress statements be denied.

Johnson timely filed and an objection to the Report and Recommendation (Dkt. #28). Defendant did not challenge Magistrate Judge Payson's recommendation concerning the admissibility of the oral statement. The objection related solely to Magistrate Judge Payson's recommendation that the motion to suppress evidence seized pursuant to the search warrant be denied.

In essence, Johnson contends that the search warrant was defective and that it failed to adequately describe the location to be searched. The search warrant application included an affidavit describing two controlled purchases of cocaine at a downstairs window of 271 Champlain Street. Magistrate Judge Payson found that the application and the warrant described the premises to be searched as the downstairs apartment at 271 Champlain Street. The supporting affidavit further describes the controlled buys as occurring from the downstairs level of the building. I agree, therefore, with Magistrate Judge Payson that Monroe County Court Judge Geraci had probable cause to believe that cocaine and evidence of cocaine distribution would be found at that downstairs apartment. I concur with Magistrate Judge Payson's determination that the premises was described with particularity and there was probable cause to believe that drugs or drug paraphernalia would be found at that location. Furthermore, I believe Magistrate Judge Payson correctly determined that,

pursuant to principles enunciated in *United States v. Leon,* 468 U.S. 897 (1984), the officers properly relied on the warrant in good faith and, therefore, the fruits of the search should not be suppressed.

## CONCLUSION

I adopt and accept the Report and Recommendation of United States Magistrate Judge Marian W. Payson (Dkt. #27). Defendant's motion to suppress physical evidence seized at 271 Champlain Street (Dkt. #16) is denied; defendant's motion to suppress statements (Dkt. #16) is also denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 16, 2007